## LEE *v.* PILLSBURY *et al.*

(*Circuit Court, D. Minnesota.* January Term, 1892.)

1. PATENTS FOR INVENTIONS—PROPERTY RIGHT—DAMAGES FOR INFRINGEMENT.
   The exclusive use granted by a patent is a property right, and a plaintiff, in an action at law for infringement, may recover actual damages therefor.

2. SAME—CONSTRUCTION OF CLAIM—INOPERATIVE CLAIM.
   The words "substantially as specified," in the claim of a patent, are to be given effect; and where the claim, read literally, would be inoperative, their effect is to include in the claim elements or devices contained in the specification that are wanting in the claim.

3. SAME—DAMAGES—GENERAL EVIDENCE.
   Where there is no license fee, and nothing to show that the patentee puts his machine upon the market, he must furnish other evidence to enable the jury to come to a proximate amount of the damage which he has sustained by the infringement, and for this purpose general evidence may be resorted to.

4. SAME.
   The actual damages suffered by plaintiff may be arrived at by evidence showing the value of that which defendants have used, the utility and advantage of the invention of the plaintiff over the old modes or devices that have been used for working out similar results, and the saving effected thereby.

5. SAME—NOMINAL DAMAGES.
   Plaintiff can recover only nominal damages for the infringement of an impracticable machine, or if he fails to show actual advantage to defendants by the use of his machine.

6. SAME—PROOF OF DAMAGES—MERE OPINION.
   Plaintiff must prove the actual damages directly, or show such facts as will enable the jury to ascertain the amount; and mere opinion as to the amount of that damage cannot be considered.

7. SAME—MEASURE OF DAMAGES.
   The proper measure of damages for infringement of a patent is an indemnity to the plaintiff for the loss sustained by the infringement.

Action at Law for the infringement of letters patent No. 155,874, issued to the plaintiff October 13, 1874, for a seed separator. It was claimed by plaintiff that certain machines of defendants, used in their mills, infringed the third claim of his patent. Plaintiff's machine consists of a revolving sheet-metal cylinder, into which the grain is spouted. The cylinder is perforated with holes large enough to receive such grains as cockle, but too small to receive the wheat grains completely within them. On the outside, a skin belt, as wide as the length of the cylinder, surrounds it, so as to cause the perforations to retain the cockle. A trough is suspended lengthwise within the cylinder, and as the cylinder revolves the cockle is retained in the perforations, carried above the trough, and is dropped upon it, to be discharged out of the machine. This chute or trough has a brush at one edge, which rubs against the inner surface of the cylinder, to brush down the wheat, and leave the cockle in the holes, to be carried up and discharged in the trough. The third claim reads: "The brush, J, in combination with the perforated cylinder, A, and trough, C, substantially as specified." Defendants contended that the claim was inoperative, because it did not include the skin belt; that they did not infringe it; also that it was anticipated by

the prior art exhibited in American patents, 92,073, June 29, 1869, to Mace; 142,170, August 26, 1873, to Miller; 73,803, January 28, 1868, to Hancock & Leaman; 118,094, August 15, 1871, to Balch; in three French patents, two English patents, and a German publication prior to Lee's patent. It was conceded that the perforated cylinder with a jacket around it, as well as cylinders with indentations for the same purpose, and used in connection with a trough, were old; also that brushes for various purposes were shown in some of the prior foreign patents, in connection with such revolving cylinders. The machines of defendants have an indented cylinder, instead of a perforated one with a jacket. Plaintiff admitted that he had never made nor put into operation but a single specimen of his machine, which occurred a few months prior to his application for his patent; nor had there been any manufacture thereof under licenses. On behalf of defendants it was contended that, under such circumstances, plaintiff could, at most, recover only nominal damages; citing 3 Rob. Pat. §§ 1053, 1054, 1062, and note; also pages 352–366. *Rude* v. *Westcott*, 130 U. S. 152, 9 Sup. Ct. Rep. 463; *Mayor* v. *Ransom*, 23 How. 487, 7 Brod. Pat. Cas. 88. Plaintiff cited, *contra*, *Suffolk Co.* v. *Hayden*, 3 Wall. 315; *Packet Co.* v. *Sickles*, 19 Wall. 617; *Root* v. *Railway Co.*, 105 U. S. 198.

Defendants requested the following instructions to be given the jury on the subject of damages:

"That the loss sustained by the plaintiff depends upon the use which he makes of his right. That vindictive damages are not allowable, and that plaintiff is not entitled to more damages than the advantages he would have enjoyed but for the infringement complained of. That where an inventor has not exercised his invention in any way, and neither derives nor purposes to derive any advantage from his rights under the patent, he cannot sustain more than nominal damages from the use of his invention by others. That the plaintiff having proved that he never made more than one machine embodying his invention, which was long since destroyed, and having produced no evidence that he had ever manufactured or intended to manufacture his device, no evidence that he had ever granted any license, and no evidence that he made any use of his invention by using it himself, he is, in case of infringement, entitled to only nominal damages. That, the plaintiff having failed to prove an established license fee, or a depreciation of the value of his exclusive use by the infringement, he can recover only nominal damages in case defendants have infringed."

The court refused these instructions, and instructed on that question as contained below. The same question arose on a former trial of the case, and the instructions of the court were then the same in substance as now given.

*Davis, Kellogg & Severance* and *Keith, Evans, Thompson & Fairchild*, for plaintiff.

*Winkler, Flanders, Smith, Bottum & Vilas*, for defendants.

NELSON, District Judge, (*charging jury.*) This suit is brought to recover damages for an alleged infringement of letters patent granted to

the plaintiff on October 13, 1874, for an improvement in seed separators. The patent has three claims. The third only is alleged to be infringed by the defendants. The patent laws are passed to promote the progress and to encourage inventions of the useful arts. Meritorious inventors are protected, and they are granted the exclusive right to manufacture, sell, and use their inventions. If the subject-matter of the patent possesses novelty and utility, the owner is protected against the use of it by any other person without his consent. The exclusive use granted is a property right, as much so as any other property of the patentee. So in this case, if the third claim in the plaintiff's patent is determined by you from the evidence to be valid, and the evidence also proves infringement by the defendants, the former is entitled to recover actual damages for such infringement. The third claim is as follows: "The brush, J, in combination with the perforated cylinder, A, and trough, C, substantially as specified." The language, "substantially as specified," is to be given effect. Such phrase relates to material features of the combination specified, to be ascertained by considering the purpose of the machine, and what are the elements of the combination which are effective in producing the result intended. It refers to the specification for such elements or devices wanting in the claim; and elements of the combination not specifically mentioned in the claim may be included therein,—that is, in the claim,—in the light of other parts of the specifications, which are applicable. So that, as this third claim, reading it in its literalism, would be inoperative, in my opinion the skin belt may be included as a part of it, jacketed about the perforated cylinder in the manner described in the specification, and I instruct you that my construction of this third claim is that the skin belt must be embraced in it, and, when considering the defenses interposed, you must so construe the claim. Now, gentlemen, you are to determine this question as a jury of business men. Some of you, I know, are familiar with mechanism to a certain extent; others are familiar to some extent with the operations of milling. You will give this case careful consideration, weigh all of the testimony that has been introduced here on both sides, and determine whether the plaintiff has sustained a case which entitles him to damages. If, in your judgment, he has done so, and his rights have been invaded under this patent by the defendants, then he is entitled to actual damages, and the question then presented is, what amount is he entitled to recover? You can readily see, where there is no license fee, no price fixed for royalty, and nothing disclosed which would show that the patentee puts upon the market a machine, for the use of which he charges so much, it is a very difficult matter to determine what the amount of damages may be in a certain case; but, like all questions presented to a jury for their determination, the plaintiff is bound and required to give some *data*, and must furnish the jury with evidence, so that they may be enabled to come to a proximate amount of the damage which the patentee has sustained by the infringement. In other words, general evidence may be resorted to for the pur-

pose of furnishing *data* for the jury to come to a conclusion. They are to take into consideration and look at the value and utility and advantages of the patentee's machine over other makes of seed separators, and ascertain that value from all the evidence as to its character, operation, and effect; and you will take into consideration the value, if any, of that which the defendants have used belonging to the plaintiff to aid you in forming a judgment of the actual damage plaintiff has sustained.

It is conceded that, during the time for which plaintiff seeks to recover, the price of wheat was 60 cents a bushel, the value of the cockle seed which is extracted also has been shown, and evidence has been introduced tending to show the saving effected by the use of the plaintiff's invention. This evidence has been offered here, and it is very appropriate and pertinent, as going to show the utility and advantage of the invention of the plaintiff over the old modes or devices that have been used for working out similar results. Upon those *data* you are furnished with something by which you can arrive at perhaps not an accurate, but a proximate conclusion as to what amount of damage has been suffered by the plaintiff, if you think he is entitled to recover damages. I have been presented with many requests by counsel for defendants, some of which I will give you, some I have qualified, and others I have refused. I will read those I propose to give, and those I have qualified, giving the qualifications, and I state to you that these instructions I give are to be received by you as part of the law in the case. That, in case the jury find an infringement, the plaintiff is only entitled to the damages he has sustained, and, if the jury believe his machine to be impracticable, and useless practically, he would only be entitled to nominal damages for the infringement. That it is the duty of the plaintiff to set forth and prove the actual damage to which he claims to be entitled, and that, if he fails to show actual advantage to the defendants by the use of his machine, he would be entitled to only nominal damages in case the defendants infringe. That it is necessary to the showing of actual damage by the plaintiff that he should prove the same directly, or show such facts as will enable the jury to ascertain the same, and that mere opinion as to the amount of that damage cannot be received or considered. That the proper measure for damages for the infringement of a patent is an indemnity to the plaintiff for the loss sustained by the infringement. You will recollect that there is some claim with regard to this trough or this device with a flexible brush attached to it,—that it was unserviceable, and was not put on for any such purpose, as the wheat never rose up to that point. There is evidence on the part of the plaintiff that the wheat did rise up to that point. That is a question for you to determine. You are to determine what the operation of this brush was for that purpose, and what the operation of the machine was, and say do or do not the defendants infringe the combination in the patent issued to Mr. Lee. The plaintiff might have brought his suit in equity, and had it settled without intervention of a jury, but he presents his case in an action at law, as he has a perfect right to do.

If the jury come to the conclusion that the plaintiff's invention was a valid one, and that there has been infringement on the part of the defendants they can award damages to the plaintiff, but not to exceed the amount claimed, $1,600.

The jury returned a verdict in favor of the plaintiff in the sum of $1,600.